IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALLACE STILZ, III, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STANDARD BANK AND TRUST COMPANY,<br><br>    Defendant. | Case No. 10-CV-1996<br><br>Judge Zagel<br>Magistrate Judge Nolan |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF STANDING**

Defendant, Standard Bank and Trust Company ("Standard Bank"), by its attorneys, Arnstein & Lehr LLP, submits this Memorandum in Support of its Motion to Dismiss for Lack of Standing.

**INTRODUCTION**

Plaintiff filed this putative class action lawsuit on March 30, 2010 on behalf of himself and all others similarly situated for Defendant's alleged failure to post a fee notice on its automated teller machine ("ATM"), as required under the Electronic Funds Transfer Act, 15 U.S.C. § 1963 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.* (Comp. ¶ 1) Plaintiff alleges that the EFTA and Regulation E require an ATM operator to provide notice of a fee to consumers to use an ATM in two different locations: (1) on or at the ATM and (2) on the screen. (¶ 9) The EFTA prohibits imposing a fee if the foregoing notice requirements are not met. (¶ 11)

The Complaint alleges that on March 29, 2010, Plaintiff withdrew money from Defendant's ATM and was charged a $2.50 fee, despite no fee notice being posted on

or near the ATM. (¶¶ 12-14) This allegedly violated the EFTA and Regulation E. (¶¶ 30–31) Based on this, Plaintiff seeks actual and statutory damages, attorneys fees and costs of suit.

With respect to the claim for actual damages, the Affidavit of Joanna Molinski shows that a fee notice appears on the screens of Standard Bank's ATMs when foreign customers like Plaintiff, whose accounts are not part of the FTPS System, conduct transactions. (Molinski Aff. ¶¶ 2-4) Foreign customers must click on "yes" in the fee notice on the screen to accept the fee, or the transaction will not be consummated. (Molinski Aff. ¶¶ 5-6) When Plaintiff made his cash withdrawal on March 29, 2010, the ATM terminal was operating as part of the FTPS System and he had to accept the transaction fee in response to the notice in order to consummate his cash withdrawal. (Molinski Aff. ¶ 7) Accordingly, the lack of a posted fee notice could not have caused him any actual injury or damage. Since Plaintiff can have no claim for actual damages, he is limited to a claim for statutory damages. *Brown v. Bank of America, N.A.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006).

Section 1963(m)(a) provides for statutory damages in individual actions of not less than $100 nor greater than $1,000. Although additional statutory damages can be recovered by a plaintiff class, Standard Bank made an offer of judgment to Plaintiff pursuant to Rule 68 on June 17, 2010 for $1,000 plus reasonable attorneys fees and costs which fully satisfied Plaintiff's claim by tendering to him all the relief he could have obtained if he were to prevail in this action. A copy of the offer of judgment (Doc 10) is attached to this Memorandum as Exhibit 1. Plaintiff failed to respond to the offer of

judgment within the time provided by the Rule. Plaintiff also did not file a motion for class certification within that period of time, and has still not done so.

## ARGUMENT

Under Article III of the Constitution, the federal courts have subject matter jurisdiction over "cases and controversies." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). This requires that litigants have a personal interest in the case at the beginning of litigation which persists throughout the entirety of the case. *Id*. The case becomes moot when the plaintiff no longer has a personal interest in its outcome or when the dispute between the parties no longer exists. *Id*. When the defendant offers to satisfy the plaintiff's entire demand, "there is no dispute over which to litigate" and the plaintiff "loses outright" because the claim is moot. *Id.*, citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). Thus, "[y]ou cannot persist in suing after you've won." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999).

The rule in the Seventh Circuit is that, in the class action context, offers of complete relief for the named plaintiff's claims which are received before a motion for class certification is filed will moot the case. In *Holstein*, the named plaintiff was issued parking tickets and had his car towed by the City of Chicago. He filed a class action claiming that two provisions of the City's Municipal Code were unconstitutional. The City made an offer to refund all of the towing and storage fees before plaintiff moved for class certification. Plaintiff did not accept the offer or move for class certification before the City moved to dismiss for lack of subject matter jurisdiction, so the district court dismissed the suit as moot. The Seventh Circuit affirmed, stating, 29 F.3d at 1147:

> If the district court has certified the class before expiration of the plaintiff's claims, mootness is avoided. Here ... the district court did not certify the

class; indeed, [plaintiff] did not even move for class certification prior to the evaporation of his personal stake.

The result was the same in *Greisz*, where the Seventh Circuit affirmed dismissal of a putative class action on mootness grounds when a Rule 68 offer of judgment was made after class certification was denied. The court held that the offer of judgment eliminated the legal dispute upon which federal jurisdiction could be based. 176 F.3d at 1015. It noted that the result would have been different if defendant had made its offer before the district court decided whether to certify the class. *Id.*

This rule has been applied in several district court decisions. In *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937 (N.D. Ill. 2000), for example, Judge Gettleman dismissed a class action lawsuit for lack of subject matter jurisdiction following the defendants' tender of a Rule 68 offer of the judgment. The plaintiff alleged TILA violations arising from payday loans she obtained from the defendant. Defendants tendered an offer of judgment, including more than the statutory damages of $1,000 and attorneys fees recoverable under TILA, before plaintiff filed a motion for class certification. Plaintiff allowed the offer to lapse and also failed to move for class certification within the 10-day period of the offer. Defendants then moved to dismiss on mootness grounds. Granting the motion, the court held, citing *Holstein* and *Greisz*, that "[a]n offer of settlement (or judgment) greater than the named plaintiff's claim that comes before a motion for class certification is the equivalent of a default judgment against the defendant, and eliminates the legal dispute upon which federal jurisdiction can be based." *Id.* at 939.

Very recently, in *Martin v. PPP, Inc.*, 2010 WL 2572524 (N.D. Ill. June 25, 2010), the named plaintiff brought a putative class action against the defendants for alleged

violations of the Telephone Consumer Protection Act. One of the defendants presented plaintiff with a settlement offer for all of the relief he sought in his suit. Plaintiff rejected the offer and filed a motion to certify the class the next day. Defendant then moved to dismiss, arguing that offering plaintiff all of the relief sought in his complaint had rendered his suit moot. Judge Bucklo held that under the rule in the Seventh Circuit, "[o]ffers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not." *Id.* at *2, quoting *White v. Humana Health Plan, Inc.*, 2007 WL 1297130 at *6 (N.D. Ill. May 2, 2007). Since the defendant's offer of settlement satisfied the plaintiff's entire demand for judgment against it before he moved for class certification, even though it was not made pursuant to Rule 68, his claims were mooted and had to be dismissed. *Id.* at *2-4.

Here, Standard Bank's Rule 68 offer of judgment fully satisfied Plaintiff's EFTA claim, providing him with all the relief he could have obtained were he to prevail in this action. But, he allowed the offer to lapse without seeking certification of this case as a class action. Accordingly, his claim is moot and he lacks standing to pursue this action. Therefore, it should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Standard Bank prays for entry of an order dismissing Plaintiff's complaint for lack of standing, with prejudice.

Respectfully submitted,

STANDARD BANK AND TRUST COMPANY

By: /s/ John L. Ropiequet
One of Its attorneys

John L. Ropiequet (ARDC No. 2376563)
Christopher S. Naveja (ARDC No. 6229936)
Katelyn R. Letizia (ARDC No. 6300337)
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

## CERTIFICATE OF SERVICE

I, John L. Ropiequet, an attorney, certify that I caused the foregoing Memorandum in Support of Motion to Dismiss for Lack of Standing to be served via the Court's CM/ECF filing system on August 11, 2010, on the following:

>Jeffrey S. Sobek
>Law Offices of Jeffrey S. Sobek, P.C.
>10 S. Riverside Plaza, Ste. 1800
>Chicago, IL 60606

>/s/ John L. Ropiequet

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALLACE STILZ, III, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD BANK AND TRUST COMPANY,<br><br>Defendant. | Case No. 10-CV-1996 |

## OFFER OF JUDGMENT

Pursuant to Rule 68(a), Federal Rules of Civil Procedure, Defendant, Standard Bank and Trust Company, offers to allow judgment in favor of plaintiff, Wallace Stilz, III, within 10 days of the date of service of this Offer of Judgment upon him in the amount of $1,000.00, representing statutory damages pursuant to 15 U.S.C. § 1693m(a), plus his reasonable attorneys fees and costs.

STANDARD BANK AND TRUST COMPANY

By: /s/ John L. Ropiequet
One of its attorneys

John L. Ropiequet (ARDC No. 2376563)
Christopher S. Naveja (ARDC No. 6229936)
Katelyn R. Letizia (ARDC No. 6300337)
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

9066929.1

## CERTIFICATE OF SERVICE

I, John L. Ropiequet, an attorney, certify that I caused the foregoing Offer of Judgment to be served via the Court's CM/ECF filing system on June 17, 2010, on the following:

>Jeffrey S. Sobek
>Law Offices of Jeffrey S. Sobek, P.C.
>10 S. Riverside Plaza, Ste. 1800
>Chicago, IL 60606

>/s/ John L. Ropiequet

9066929.1