IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE STILZ, III, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 10-CV-1996 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STANDARD BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF WALLACE STILZ, III'S SUR-REPLY TO
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I.     ARGUMENT**

Although Plaintiff continues to maintain that Defendant's Rule 68 offer of judgment does not provide Plaintiff with all the relief he could claim or recover were he to prevail in his action, if this court disagrees with Plaintiff, it must at a minimum enter judgment in favor of Plaintiff for the amount of the offer of judgment before dismissing his claim as moot.  Contrary to Defendant's assertions, it is the "**tender**", not the "**offer**", of everything that is due that negates an Article III case or controversy and renders a claim moot.  This fact was made clear by the Supreme Court in *Deposit Guaranty Nat. Bank, Etc. v. Roper*, 445 U.S. 326,333 (1980) (stating that a case or controversy is mooted in the Art. III sense *upon payment and satisfaction* of a final, unappealable judgment) and *Roper* has been repeatedly followed by the courts in this circuit and others, including *Susman v. Lincoln Am. Corp.*, 550 F.Supp. 442, 443 (N.D. Ill 1982), (holding that "accordingly, defendant's motion for summary judgment on Susman's individual claims is granted (*conditioned, of course, on delivery of the tendered amount to Susman*)"

(emphasis added); *Abrams v. Interco Inc.*, 719 F.2d 386 (4th Cir. 1986), quoting *Roper*, 445 U.S. at 333 (denying plaintiff's class certification motion and dismissing plaintiff's individual complaint for no justiciable case or controversy only *after* it entered judgment in favor of Plaintiff in the amount of Defendant's Rule 68 offer of judgment because the case had become the "hypothetical described in *Roper,* to wit a "final judgment fully satisfying named plaintiff's private substantive claims."); *McCauley v. Trans Union*, 402 F.3d 340, 342 (2d Cir. 2005), citing *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir.2000) (holding that *Chathas*'s language suggests that the district court's entry of dismissal in favor of defendant, Trans Union, pursuant to a Rule 68 offer of judgment, resulting in the plaintiff getting nothing, not even the offered amount, "did not moot the case because *in the absence of an obligation to pay* McCauley the $240 in claimed damages, the controversy between McCauley and Trans Union is still alive') (emphasis added); *Kline v. Wolf*, 702 F.2d 400, 405 (2d Cir. 1983) (holding "a court would be justified in directing the entry, with the defendant's consent, of a judgment which gave a plaintiff all the relief he had requested").

Although the correct procedure of the court in situations such as the one at hand is, as explained above, to actually enter judgment in favor of the individual plaintiff for the amount of a Rule 68 offer or for the defendant to actually tender the Rule 68 offer payment before dismissing the case as moot, there are excerpts from other cases in this circuit that when taken out of context, appear to hold that an offer, not a tender or satisfaction, is sufficient to moot a case or controversy. An example of this, and pointed out by Defendant, is that in *Rand v. Monsanto Company*, 926 F.2d 596, 597 (7th Cir. 1991) the court stated that:

> [O]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, *Alliance to End Repression v. Chicago, 820 F.2d 873 (7th Cir. 1987),* and a plaintiff who refuses to acknowledge this loses

outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake. Accord, *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco, Inc.*, 719 F2d 23, 32-34 (2d Cir. 1983), *Spencer-Lugo v. INS*, 548 F.2d 870 (9th Cir. 1977). Under *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980), however, the dispute about certification of the class survives.

However, *Alliance, Zimmerman, Abrams*, and *Spencer-Lugo* and the cases upon which they were decided, do not stand for the argument that a Defendant can negate a plaintiff's case or controversy with an illusory offer. Rather, each of these cases, in one way or another, is subject to the *Roper* decision, which specifies that the plaintiff must actually be made whole by tender of the offer in order to remove the case or controversy.

Indeed, the argument set forth here by Plaintiff is logical. An offer of judgment is not an affirmative defense that negates the Plaintiff's cause of action, such as a statute of limitations defense, rather it is a rule that was implemented to facilitate settlements. Nothing in Rule 68 states that the lapse of the offer of judgment or the rejection of the offer could have the effect of negating the Plaintiff's claim. In fact, Rule 68 states only that an unaccepted offer is "withdrawn" and it shifts post offer costs to the party not accepting the offer if the offering party does not obtain a more favorable result at trial. In other words, Rule 68 requires the trial court to make a determination on the merits and then compare that determination to the Rule 68 offer amount to determine who is liable to pay post offer costs. Applied to the instant case, if this court agrees with Defendant's offer of judgment that Plaintiff is individually entitled to only "the amount of $1,000, representing statutory damages pursuant to 15 U.S.C Section 1693m(a), plus his reasonable attorneys fees and costs," it can force the Plaintiff to accept the offer (and order the Defendant to pay the offer), and only then, since Plaintiff would in actuality no longer have a case or controversy because everything that he was due had been **tendered** to him, this court could dismiss the case as having been made moot by the judgment in favor of Plaintiff for the

3

Rule 68 offer of judgment amount, thereby preventing Plaintiff from continuing to litigate the matter and from moving forward with his representation of the class.

Accordingly, if this court agrees that Defendant's offer of judgment was in an amount that was as much as Plaintiff, individually, could possibly win at trial, the correct resulting order would order (1) judgment in favor of Plaintiff in the amount of $1,000, plus his reasonable attorney fees to date and his pre offer costs, with a set-off for the costs only incurred by Defendant subsequent to its Rule 68 offer and (2) dismissal of Plaintiff's suit with the court retaining jurisdiction to enforce its entry of judgment in favor of Plaintiff. On the other hand, if the court does not agree that Defendant's offer of judgment was for the entire amount that Plaintiff could obtain individually at trial, Defendant's motion to dismiss must be denied.

Dated: October 28, 2010

Respectfully submitted,

*/s/ Jeffrey S. Sobek*
Jeffrey S. Sobek (#6285186)
Law Offices of Jeffrey S. Sobek, P.C.
10 S. Riverside Plaza, Ste. 1800
Chicago, Illinois 60606
Telephone: (312) 756-1330
Email: jeffs@jsslawoffices.com

Jennifer A. Kunze
THE MILLER LAW GROUP
15 Spinning Wheel Road, Ste. 210
Hinsdale, IL 60521
630-655-0692

*Counsel for Plaintiff, WALLACE STILZ, III*