# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALLACE STILZ, III, | |
| Plaintiff, | |
| v. | No. 10 C 1996<br>Judge James B. Zagel |
| STANDARD BANK AND TRUST COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On March 30, 2010, Plaintiff filed his one-count complaint on behalf of himself and others similarly situated. In his complaint, Plaintiff alleges that Defendant failed to post fee notices on an automated teller machine ("ATM") as required by the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*. Specifically, Plaintiff claims that on March 29, 2010, he withdrew money from an ATM and was charged a $2.50 fee despite no notice being posted on or near the ATM disclosing that users would be charged a fee to conduct an electronic fund transfer. Plaintiff seeks actual and statutory damages, attorneys' fees, and costs.

Defendant claims that it made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68 on June 17, 2010 for $1,000.00 plus reasonable attorneys' fees and costs which fully satisfied Plaintiff's claim. 15 U.S.C. 1693 (m)(a) provides for statutory damages in individual actions of not less than $100 nor greater than $1,000. Plaintiff did not accept Defendant's offer and moved for class certification on August 16, 2010. Defendant now moves

to dismiss for lack of standing. For the following reasons, Defendant's motion to dismiss is granted.

## II. STANDARD OF REVIEW

Article III of the United States Constitution grants to federal courts "judicial power" over "cases" and "controversies." U.S. Const. Art. III § 2. "Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety." *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) (citation omitted). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id.* "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). "You cannot persist in suing after you've won." *Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir.1999).

In the context of a class action, where a plaintiff seeks to represent a class of individuals with similar claims, the application of this doctrine is more complicated. *Holstein*, 29 F.3d at 1147. "If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided." *Id.*

## III. DISCUSSION

Defendant moves to dismiss this action on the ground that Defendant's Rule 68 offer moots Plaintiff's claim. Plaintiff admits that he rejected Defendant's offer of judgment, but argues that because Defendant's offer did not account for Plaintiff's actual damages, it was not

2

an offer for all of the relief Plaintiff requested and therefore does not deprive this Court of subject matter jurisdiction.

### A. Plaintiff Cannot Recover Actual Damages.

In his complaint, Plaintiff alleges that he and the putative class members suffered actual and statutory damages as a result of Defendant's failure to post the required fee notices and subsequent charging of fees. The EFTA permits a consumer to recover actual damages sustained "as a result" of a defendant's failure to comply with its provisions. 15 U.S.C. § 1693(m). Defendant argues Plaintiff can only recover actual damages under the EFTA if he can show detrimental reliance. Pursuant to 12 C.F.R. § 205.16(c) an ATM must provide notice of fees both on the machine and on the screen (or on paper prior to the consumer committing to pay a fee). Though Plaintiff alleges that Defendant failed to provide proper notice of fees on the machine, Defendant asserts that it is undisputed that when Plaintiff made his cash withdrawal, a fee notice was presented to him on the ATM screen and he had to click "yes" to accept the fee before he was charged $2.50. Accordingly, Defendant argues that the fee cannot be considered an actual damage because he knowingly agreed to the fee and cannot show detrimental reliance.

In *Brown v. Bank of America, N.A.*, the court borrowed from caselaw interpreting the identical damages provision of the Truth in Lending Act ("TILA") in its EFTA analysis. 457 F.Supp.2d 82, 90 (D.Mass. 2006) (citing *Johnson v. W. Suburban Bank*, 225 F.3d 366, 378-79 (3d Cir. 2000) (finding identical class action language in TILA and EFTA to have identical substantive meaning)). In doing so, the court noted that it was the first reported case interpreting the actual damages provision of the EFTA. *Id*. at 90. The *Brown* court held that to recover actual damages, "[p]laintiffs must establish causation of harm through detrimental reliance." *Id*.

3

(citations omitted). In *Brown*, the plaintiffs could not establish detrimental reliance because even if the ATM machine did not have proper notice on the machine, the ATM provided a "click through" screen that Plaintiff needed to accept prior to being charged a fee. Because the plaintiffs received actual notice of the fee and gave electronic consent, there was "no causal link between an ill-placed decal and monetary loss necessary to recover actual damages under EFTA."

Plaintiff argues that he need not prove detrimental reliance to recover actual damages for EFTA violations and asserts that "a majority of the district courts in the Seventh Circuit" have concurred with his assertion. In support, he cites to three cases from the Western District of Wisconsin decided by the same judge (Magistrate Judge William E. Callahan). *See*, *Savrnoch v. First Am. Bankcard, Inc.,* No. 07 C 0241, 2007 WL 3171302, at *2-5 (E.D. Wis. Oct. 27, 2007); *Mayotte v. Associated Bank, N.A.*, No. 07 C 0033, 2007 WL 2358646, at *4 (E.D. Wis. Aug. 17, 2007); *Voeks v. Wal-Mart Stores, Inc.*, No 07 C 0030, 2007 WL 2358645, at *4 (E.D. Wis. Aug. 17, 2007). Other judges, both in the Eastern District of Wisconsin and here in the Northern District of Illinois, have reached the opposite conclusion. *See Voeks v. Pilot Travel Centers*, 560 F.Supp.2d 718, 725 (E.D. Wis. 2008); *Stilz v. Global Cash Network, Inc.*, No. 10 C 1998, Judge Gettleman (Oct. 7, 2010).

Relying on the language of § 1693m(a)(1), the courts in *Savrock, Wal-mart,* and *Mayotte* found that though a plaintiff must prove causation to recover damages, proof of causation did not necessarily need to include detrimental reliance. *Pilot Travel*, 560 F.Supp.2d at 721. The rationale used in the three opinions was nearly identical. Analyzing the language of § 1693m(a)(1) the court stated:

4

> To be sure the phrase "as a result of" in § 1693m(a)(1) (and in the corresponding actual damages provision of TILA) indicates that in order to recover actual damages, the alleged violation must be the cause of the harm. However, this phrase does not necessarily mean that causation of harm must be proven through a showing of detrimental reliance. Rather, whether a showing of detrimental reliance is required to prove causation of harm is dependent on the specific statutory provision alleged to have been violated.

*Mayotte*, 2007 WL 2358645 at *4. The court went on to distinguish between violations of 15 U.S.C. §§ 1693b(d)(3)(C) and 1693b(d)(3)(B). Pursuant to § 1693b(d)(3)(C) a fee may not be imposed unless the consumer first receives notice, both on the machine and on the ATM screen, and then elects to complete the transaction. The court classified this as a statutory provision prohibiting the imposition of fees. *Savrnoch*. 2007 WL 3171302 at *3. Section 1693b(d)(3)(B) sets forth the notice requirements, on the machine and on the screen. *Id*. Though the court agreed that causation of harm through detrimental reliance is necessary pursuant to 1693b(d)(3)(B), the court declined to find that violations of 1693b(d)(3)( C) required such causation. *Id*. at *4. Pursuant to 1693m(a) a plaintiff is only entitled to actual damages which are "as a result" of the defendant's failure to comply with the statute. The court reasoned that to recover actual damages under 1693b(d)(3)(B) a plaintiff must show that his damages were caused by defendant's improper notice. "In other words, a plaintiff would have to show that her use of the ATM and subsequent payment of the fee was caused by her reliance on the allegedly defective notice." *Id*. at 4. The court found that this was consistent with the language of the EFTA. In contrast, a defendant violates the prohibition of fees not properly disclosed pursuant to 1693b(d)(3)( C), when it charges a fee without providing proper notice. Here, reasoned the court, the violation is not "predicated on defective notice, but rather on the improper imposition of a fee." *Id*. Accordingly, to recover actual damages a "plaintiff would have to show that her

5

damages were 'as a result' of the defendant's improperly *charging her a fee*." Because alleged actual damages are the actual fee payment, "the improper charging of this fee would arguably be the cause of her damages." *Id*. The court found that "[g]iven that the alleged violation itself is arguably the cause of [plaintiff's] alleged actual damages" detrimental reliance was not necessary to show causation. *Id*.

Disagreeing with the conclusion reached in *Savrock, Wal-mart,* and *Mayotte*, Chief Judge Rudolph Randa held that actual damage claims made pursuant to both §§ 1693b(d)(3)( B) and 1693b(d)(3)( C) do require proof of detrimental reliance. *Pilot Travel Centers*, 560 F.Supp.2d at 724. Specifically, the *Pilot* court criticized the *Mayotte* line of cases stating that the court "conflates liability and damages when it states that the payment of a fee for services rendered (which is an essential part of the failure recognized by the liability equation of the statute) is also the 'actual damages' contemplated by the statute." *Id*. at 724. Under the *Mayotte* analysis, payment of the fee becomes "both the cause of the 'actual damages' and the 'actual damages' themselves. [][T]his conclusion combine[s] the concepts of liability and damages causing no little confusion [because] it reads into the statute a definition of 'actual damages' that is not there and offers a view of actual damages that runs counter to what the term usually encompasses. " *Id*. at 724.

The court then went on to discuss the concept of actual damages noting that actual damages are intended to account for "actual and real injury, as opposed to nominal damages." *Id*. (*citing Black's Law Dictionar*y at 390). The court concluded that even if the loss of a $2.95 ATM fee could be considered a real loss, it could not be considered part of the actual damages. The court held that a plaintiff must plead and prove detrimental reliance to establish actual

6

damages. Likewise, in *Stilz v. Global Cash Network, Inc.,* Judge Gettleman concurred with this reasoning and held that an EFTA plaintiff must prove detrimental reliance to recover actual damages.

Acknowledging a disagreement within the district court of this circuit, I agree with the rationale articulated in *Pilot Travel* and *Global Cash Network, Inc.* and find that Plaintiff must prove detrimental reliance to recover actual damages pursuant to the EFTA. This approach is likewise consistent with § 1693m(a)(2)(A) which provides remedies to the consumer for improperly noticed assessments. "This section recognizes that, in individual actions, the transaction fee will usually be nominal." *Pilot Travel*, 560 F.Supp.2d at 724. Such is the case here, where the fee charged was $2.50. This is mirrored in the statutory recovery for such nominal expenditures made by a consumer: $100-$1,000 per individual transaction. Section 1693m(a)(1) provides remedies to the consumer that go beyond statutory penalties and recognize "actual damages." "To read the assessment/payment of a nominal fee pursuant to an improper notice as actual damages under § 1693m(a)(1) is to reduce the significance of (a)(1) as a larger remedy and ignore (a)(2)(A)'s purpose." *Id.* Because Plaintiff's complaint fails to allege any detrimental reliance on an EFTA violation by Standard Bank, he may not seek actual damages pursuant to the EFTA.

B. Defendant's Offer of Judgment Deprives This Court of Jurisdiction.

Under Article III of the Constitution, federal courts have subject matter jurisdiction over "cases and controversies"; this requires that litigants have personal interest in the case throughout the duration of the litigation. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). A case becomes moot when a plaintiff no longer has a personal interest in a case's outcome or

when the dispute between the parties ceases to exist. *Id*. When the defendant offers to satisfy the plaintiff's entire demand, "there is no dispute over which to litigate" and the plaintiff "loses outright" because the claim is moot. *Id*. (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). In the Seventh Circuit, if a district court has certified the class prior to defendant's offer of judgment, plaintiff's claim avoids mootness. *United States Parole Commn v. Geraghty*, 445 U.S. 388, 398 (1980). Where a class is not certified prior to the defendant making an offer of judgment, a plaintiff can still avoid mootness by moving to certify his class within 10 days after receiving the offer. *See Parker v. Risk Mgmt. Alternative, Inc.*, 204 F.R.D. 113 (N.D. Ill. 2001).

Here, Defendants made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68 on June 17, 2010 for $1,000 plus reasonable attorneys' fees and costs which fully satisfied Plaintiff's claim. 15 U.S.C. 1693 (m)(a) provides for statutory damages in individual actions of not less than $100 nor greater than $1,000. Though Plaintiff argues that this was not a full offer of judgment because it did not contemplate actual damages, as discussed *supra*, Plaintiff is not entitled to an award of actual damages. Accordingly, Defendants offered Plaintiff full relief. Plaintiff did not accept Defendant's offer and moved for class certification on August 16, 2010. Because Plaintiff failed to move for class certification within 10 days of receiving an offer of judgment from Defendant, his claim is moot. Though Plaintiff argues that his motion for class certification should relate back to his complaint, this ignores Rule 68's nondiscretionary 10-day window during which a party may accept an adverse party's offer of judgment. After the 10-day period expires, if no motion for class certification has been filed, a plaintiff's case is moot. *Wiskur v. Short Term Loans*, 94 F.Supp. 2d 937, 939 (N.D. Ill. 2000).

Plaintiff argues that if I agree that Defendant's offer of judgment was an offer of full relief, I should enter judgment in favor of Plaintiff in the amount of $1,000, plus his reasonable attorneys' fees and costs, and dismiss Plaintiff's suit with the court retaining jurisdiction to enforce its entry of judgment in favor of Plaintiff. In support of this assertion, Plaintiff argues that it is the "tender," not the "offer," of full relief that negates an Article III case or controversy and renders a claim moot. None of the cases cited by Plaintiff articulate a general rule that a judgment for the amount offered must be entered against the defendant in order to render the plaintiff's claim moot. In *Deposit Guaranty Natl. Bank v. Roper*, 445 U.S. 326 (1980), the question was whether a tender to the named plaintiffs in a class action of the amount claimed in their individual capacities, coupled with an entry of judgment in their favor over objections, mooted the case and terminated the plaintiffs' right to appeal. *Id.* at 327. In *Roper*, the plaintiffs had moved for, and were denied, class certification. *Id.* at 329. The defendant then made an offer of judgment for the amount sought in individual claims, and the trial court entered judgment on the offer over the plaintiffs' objections. *Id.* at 330. The Court held that although the plaintiffs' individual claims had been satisfied, they still had standing to appeal from denial of class certification because "they retain a continuing individual interest in the resolution of the class certification question in their desire to shift part of the cost of litigation to those who will share in its benefits if the class is certified and ultimately prevails." *Id.* at 336. *Roper*, however, did not deal with whether judgment must be entered on a defendant's offer to moot the plaintiff's claims. Likewise, none of the Second Circuit cases referenced by Plaintiff hold that a claim only becomes moot when an offered amount is actually tendered. *See Abrams v. Interco, Inc.*, 719

F.2d 23 (2d Cir. 1983); *McCauley v. Trans Union*, 402 F.3d 340, 342 (2d Cir. 2005); *Klein v. Wolf*, 702 F.2d 400, 405 (2d Cir. 1983).

In the Seventh Circuit, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, *Alliance to End Repression v. Chicago*, 820 F.2d 873 (7th Cir. 1987), and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Contrary to Plaintiff's suggestion, it is the offer, not the tender, that moots a plaintiff's claims.

Though Plaintiff states that Defendant cannot "negate a plaintiff's case or controversy with an illusory offer," he puts forth no fact or argument to show how or why Defendant's offer was illusory. Defendant offered Plaintiff complete relief, but Plaintiff did not accept this offer. The offer resolved all matters in dispute and mooted the entire action because Plaintiff failed to seek class certification before the offer expired.

### C. Federal Rule of Civil Procedure 23(e)

Finally Plaintiff argues that this court is not deprived of jurisdiction because it did not approve Defendant's offer of judgment pursuant to Rule 23(e). This argument ignores the 2003 amendments to Rule 23(e) specifying that court approval was only required with respect to a certified class. "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Advisory Committee's Note explains that the revision was in response to the fact that the prior language could be, and was at times, read to require the court's approval "in settlements with putative class representatives that resolved only individual claims." Moreover, Rule 23(e) applies to settlements, and not offers of judgment, made pursuant to Rule 68. Accordingly, Plaintiff's argument fails.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: December 14, 2010